

FILED

July 8, 2020

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

1:05 P.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **ANTHONY TERRY,** | ) | **Docket No. 2016-08-1054** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 73704-2016** |
| **WHALEY'S TOWING,** | ) | |
| **Uninsured Employer.** | ) | |
| | ) | **Judge Allen Phillips** |

---

## COMPENSATION HEARING ORDER

---

This case came before the Court by telephone on July 6, 2020 for a Compensation Hearing. For the following reasons, the Court holds Mr. Terry is entitled to medical, temporary total, and permanent partial disability benefits.

Mr. Terry was injured while working as a tow truck driver. Whaley, an uninsured employer, contended Mr. Terry was not its employee but instead was an independent contractor. It also questioned whether the injury occurred.

After an Expedited Hearing, the Court entered an Order for Medical Benefits that it incorporates by reference. In that order, the Court found Mr. Terry would likely prevail at a hearing on the merits in establishing he was Whaley's employee and that he sustained an injury arising primarily out of his employment. Further, the Court ordered that Whaley pay for Mr. Terry's medical treatment.

Whaley paid only a small amount of Mr. Terry's medical bills. Further, when Mr. Terry completed medical treatment in August 2018, the treating physician would not provide an impairment rating. So, Mr. Terry's attorney arranged an independent medical evaluation with Dr. Samuel Chung who assessed an eight percent rating under the *American Medical Association Guidelines to the Evaluation of Permanent Impairment, 6th Edition.* Whaley stipulated that the rating was correct and admissible in evidence.

1

The parties also stipulated to the following:

- Mr. Terry sustained a compensable injury on July 27, 2016;
- Mr. Terry's compensation rate is $378.85 per week;
- Mr. Terry is entitled to temporary total disability benefits form July 27, 2016, through August 1, 2018, the date he reached maximum medical improvement, a period of 105.5 weeks in the amount of $39,968.68;
- Mr. Terry is entitled to an original award of eight percent permanent partial disability, plus enhancing factors for not having returned to work, for being more than forty years of age, and for having less than a high school education for a total award of permanent partial disability benefits of $32,037.07; and
- Mr. Terry received authorized medical treatment from Methodist Hospital and Dr. Samuel Murrell and is entitled to payment of past and future medical expenses under Tennessee Code Annotated section 50-6-204(a)(1)(A).

Finally, the Court incorporates its finding in the Expedited Hearing Order that Mr. Terry established the factors of Tennessee Code Annotated section 50-6-801(d)(1)-(4) for a claim to the Uninsured Employers Fund. Specifically, Mr. Terry 1) worked for an employer who failed to secure payment of compensation; 2) suffered an injury primarily in the course and scope of his employment after July 1, 2015; 3) was a Tennessee resident on the date of the injury; and 4) he provided notice to the Bureau of his injury and of Whaley's failure to secure the payment of compensation within sixty days of his injury by filing a Petition for Benefit Determination on September 23, 2016.

**IT IS, THEREFORE, ORDERED** as follows:

1. Whaley shall pay Mr. Terry temporary total disability benefits of $39,968.68 for the period of July 27, 2016, through August 1, 2018.
2. Whaley shall pay Mr. Terry permanent partial disability benefits of $32,037.07.
3. Whaley shall pay all past and future reasonable and necessary medical expenses to treat Mr. Terry's July 27, 2016 injury under Tennessee Code Annotated section 50-6-204(a)(1)(A).
4. The Court taxes the $150.00 filing fee to Whaley to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019) within five business days of this order becoming final, and for which execution might issue if necessary.
5. Whaley shall file a Statistical Data Form (SD-2) with the Court Clerk within five business days of the date this order becomes final.
6. Absent an appeal, this order shall become final thirty days after entry.

**ENTERED July 8, 2020.**

_Allen Phillips_

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits
1. Medical Report of Dr. Samuel Chung
2. Medical Records of Methodist Healthcare
3. Bureau's Expedited Request for Investigation Report

Technical record
1. Expedited Hearing Order with Exhibits
2. Amended Scheduling Order
3. Dispute Certification Notice
4. Dispute Certification Notice—Additional Issues Certification
5. Joint Pre-Hearing Statement

## CERTIFICATE OF SERVICE

I certify that a copy of this Compensation Hearing Order was sent as indicated on July 8, 2020.

| Name | Certified Mail | First Class Mail | Via Email | Service Sent To: |
|------|----------------|------------------|-----------|------------------|
| Jonathon L May, Employee's Attorney | | | X | jmay@forthepeople.com |
| William A. Wooten, Employer's Attorney | | | X | wawooten@gmail.com |

_Penny Shrum_

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

LB-1108 (REV 11/15)                                              RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries    $ _____ per month     Telephone    $ _____ per month

Electricity    $ _____ per month     School Supplies $ _____ per month

Water    $ _____ per month     Clothing    $ _____ per month

Gas    $ _____ per month     Child Care    $ _____ per month

Transportation $ _____ per month     Child Support    $ _____ per month

Car    $_____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____     (FMV) _____

Other    $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____